**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**HEATHER BURKE,**

    **Plaintiff,**

**v.**                                                                                                              **No. 16-cv-0470 RJ/SMV**

**STATE OF NEW MEXICO,**
**EDWYN BURCKLE, JAY HONE,**
**MICHAEL GALLEGOS, ANGELA DAWSON,**
**BRENDA GUETHS, and KAREN BALTZLEY,**

    **Defendants.**

**<u>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL</u>**

THIS MATTER is before the Court on Plaintiff's First Motion to Compel Production of Documents [Doc. 12], filed June 28, 2016. Defendants responded on July 11, 2016. [Doc. 16]. Plaintiff did not file a reply, and the time for doing so has passed. *See* D.N.M.LR-Civ. 7.4(a). The Court has considered the briefing and the relevant law and, being fully advised in the premises, finds that the motion is not well-taken and will be denied.

Plaintiff asks the Court to compel Defendants to produce documents that she believes they have wrongfully withheld despite her request under New Mexico's Inspection of Public Records Act ("IPRA"). [Doc. 12]. She insists that she needs these documents immediately so that she can respond to the pending Motion to Dismiss. *Id*. at 1. Her Motion should be denied for three reasons.

First, and most importantly, Plaintiff does not need to conduct any discovery at this stage in the proceedings. Defendants have filed a Motion to Dismiss. [Doc. 10]. "In reviewing a motion to dismiss, [the Court] accept[s] the facts alleged in the complaint as true and view[s]

them in the light most favorable to the plaintiff. And because [Plaintiff] appear[s] pro se, [the Court] liberally construe[s] her pleadings." *Mayfield v. Bethards*, 15-3074, 2016 WL 3397503, at *2 (10th Cir. June 20, 2016) (citations omitted). That is, even if Plaintiff possessed documents that supported the allegations in her Complaint, she would not need to supply them. When considering Defendants' motion to dismiss, the Court will *assume* that her factual allegations are true.

Second, Plaintiff indicates that she filed this motion because she initiated a request for documents under IPRA that was not been fulfilled to her satisfaction. *Id*. at 2–3. Essentially, she is attempting to use this motion as an appeal the denial of her state IPRA request. A motion to compel is not the proper vehicle for Plaintiff to seek these materials. *See* Fed. R. Civ. P 37(a)(3) (listing the instances when a motion to compel a disclosures or discovery responses is appropriate). Instead, IPRA itself provides a mechanism for enforcement of its provisions. *See* NMSA 1978, § 14-2-12(A) (2016) ("An action to enforce the Inspection of Public Records Act may be brought by . . . a person whose written request has been denied."). Plaintiff may continue to pursue her IPRA requests while this lawsuit is pending. *See Noland v. City of Albuquerque*, No. CIV-08-0056 JB/LFG, 2009 WL 5217998, at *3 (D.N.M. Oct. 27, 2009) ("Defendants state no sound reason supported by any relevant legal authority why [plaintiff] cannot make requests for public information while his lawsuit is pending."). However, she may not use this lawsuit to do so.

Third, Fed. R. Civ. P 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by [Fed. R. Civ. P.] 26(f)." Because this meeting of the parties has not yet taken place, no written discovery is permitted. And because

discovery is not yet permitted, there is nothing for Plaintiff to "compel" Defendants to produce. *See* Fed. R. Civ. P 37(a)(3) (listing the instances when a motion to compel a disclosures or discovery responses is appropriate).

**IT IS THEREFORE ORDERED** that Plaintiff's First Motion to Compel Production of Documents [Doc. 13] is **DENIED.**

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**