IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HEATHER BURKE,

    Plaintiff,

v.                                                                                    Case No. 16-cv-0470 RJ/SMV

STATE OF NEW MEXICO, EDWYNN BURCKLE,
JAY HONE, MICHAEL GALLEGOS,
ANGELA DAWSON, BRENDA GUETHS,
KAREN BALTZLEY, GENERAL SERVICES
DEPARTMENT OF THE STATE OF NEW MEXICO,
and LARA WHITE-DAVIS,

    Defendants.[1]

**ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY AND
DENYING AS MOOT DEFENDANTS' MOTION TO QUASH**

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Take Discovery, filed on October 19, 2017. [Doc. 66]. Defendants responded on November 2, 2017. [Doc. 71]. Plaintiff replied on November 5, 2017. [Doc. 72]. Also before the Court is Defendants' Motion to Quash Subpoena, or Alternatively, Motion for Protective Order, and for Sanctions, filed on October 20, 2017. [Doc. 67]. Plaintiff responded on October 22, 2017. [Doc. 68]. Defendants replied on November 6, 2017. [Doc. 74]. The Court has considered the briefing, the relevant portions of the record, and the relevant law. Being otherwise fully advised in the premises, the Court finds that Plaintiff's motion is not well-taken and will be DENIED. Defendants' motion to quash will be DENIED as moot.

---

[1] The State of New Mexico is no longer a party in this action. *See* [Docs. 50, 53]. All other Defendants were named in Plaintiff's Amended Complaints [Docs. 53, 54] following remand from the Tenth Circuit.

**Background**

On remand from the Tenth Circuit, the Honorable Robert A. Junell, United States District Judge, granted Plaintiff leave to file an amended complaint. [Doc. 50]. Consistent with the Tenth Circuit's mandate, Judge Junell granted Plaintiff leave:

> (1) to amend her privacy claim under 42 U.S.C. § 1983 and cure the deficiencies noted in the Tenth Circuit's Order and Judgment dated June 8, 2017; (2) to name [the New Mexico General Services Department ("GSD")] as a defendant in this action; (3) to add a [Whistleblower Protection Act ("WPA")] claim against GSD in addition to Plaintiff's WPA claim against Edwynn Burckle, in his official capacity as Secretary of the General Services Department; and (4) to add discrimination claims under New Mexico's Fair Pay for Women Act ("FPWA") and the federal Equal Pay Act ("EPA") against GSD. Plaintiff shall **not** include any other previously-dismissed claims in her Amended Complaint, except as specified by this Order.

*Id.* at 1–2. Plaintiff filed an amended complaint on September 5, 2017. [Doc. 53]. She filed a second amended complaint on September 13, 2017. [Doc. 54]. Defendants have moved to strike her amended complaints, arguing they exceed the scope of the Tenth Circuit's order. [Doc. 56]. Plaintiff subsequently filed a motion for leave to amend *nunc pro tunc*. [Doc. 59]. Plaintiff has since filed two additional motions for leave to amend. [Docs. 76, 77]. Defendants' motion to strike and Plaintiff's motions for leave to amend are currently pending.

After filing her amended complaints and first motion for leave to amend, Plaintiff filed the instant motion requesting leave to conduct early discovery. [Doc. 66]. Plaintiff requests leave to subpoena records from a third party, CaringBridge, an organization that allows people to

create personalized webpages to share updates on their illnesses or medical conditions.[2] Plaintiff asserts that counsel for Defendants used a "fake account" to access Plaintiff's CaringBridge site to view the medical information she had shared there. *Id.* at 1. Plaintiff alleges that opposing counsel's accessing her site was in "criminal and civil violation of [the Stored Communications Act ("SCA"), 18 U.S.C. § 2701]." *Id.* She seeks to obtain from CaringBridge "[s]erver and network logs" pertaining to the account used to access her site and "[a]ny email logs which may provide number of notifications sent to this email address, what date those notifications were sent, and what information they may have contained." [Doc. 65]. Plaintiff acknowledges that discovery has not yet been opened in this case because the parties have not conferred pursuant to Fed. R. Civ. P. 26(d), (f). Plaintiff argues that she should be permitted to proceed with discovery nonetheless because there is good cause for conducting the early discovery. [Doc. 66] at 3–4. She argues that good cause exists because CaringBridge could, at any time, delete the electronic data she seeks. *Id.*

In response, Defendants point out that Plaintiff seeks discovery pertaining to alleged violations of the Stored Communications Act, but she does not allege violations of the SCA in her amended complaints. [Doc. 71] at 4–5. Moreover, Defendants suggest that the applicable statute of limitations would bar Plaintiff from alleging SCA claims. Defendants further contend that any attempt by Plaintiff to assert SCA claims would be unavailing because "access to [Plaintiff's] webpage was not restricted and was legitimately initiated in response to Ms. Burke's sharing of the website link with her then-coworkers . . . ." *Id.* Defendants argue that Plaintiff

---

[2] *See How CaringBridge Works*, CARINGBRIDGE, https://www.caringbridge.org/how-it-works/ (last visited Dec. 12, 2017).

otherwise fails to show good cause for early discovery, particularly given the procedural posture of this case.[3]  *Id.* at 6–8.

## Legal Standard

Pursuant to Fed. R. Civ. P. 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."  The Court may permit early discovery in advance of a Rule 26(f) conference on a showing of good cause for the requested departure from usual discovery procedures.  *See Charles Schwab & Co. v. Portfolio, LLC*, 2008 WL 11322135, at *1 (D.N.M. June 26, 2008) (unpublished) (citing *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001)); *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).  The party seeking to conduct early discovery bears the burden of establishing good cause.  *Qwest Commc'ns Int'l*, 213 F.R.D. at 419.

## Analysis

There is no initial scheduling order in this case, and the parties have not conferred as required by Rule 26(f) to open discovery.  Therefore, Plaintiff is entitled to early discovery only if she shows good cause.  The Court finds that she has failed to show good cause for the discovery she seeks and will deny her motion.

As an initial matter, the records Plaintiff seeks to obtain through this third-party subpoena pertain to alleged violations of the SCA committed by Defendants and their counsel.  As Defendants point out, however, Plaintiff's amended complaints do not allege violation of the

---

[3] In addition to responding to Plaintiff's motion for early discovery, Defendants filed a motion to quash the subpoena. [Doc. 67]. Defendants request sanctions and attorney's fees in connection with their motion. *Id.* at 7–8.

SCA. *See* [Docs. 53, 54]. Plaintiff herself acknowledges that she seeks the requested discovery to "learn more about the scope of this violation" in order to "inform [her] choices about potential future claims." [Doc. 66] at 4. The Court has the authority "to confine discovery to the claims and defenses asserted in the pleadings." *Dorato v. Smith*, 163 F. Supp. 3d 837, 867 (D.N.M. 2015). Parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." *Id.* It is true that, after the completion of briefing on the instant motion seeking early discovery, Plaintiff filed a second motion to amend to include claims for violation of the SCA. *See* [Docs. 76, 77]. But the SCA claims Plaintiff wishes to add are not presently operative, and the existence of the pending motion to amend does not otherwise entitle Plaintiff to conduct early discovery. In fact, the pending motion to strike Plaintiff's amended complaints and the motions to amend make premature discovery particularly inappropriate at this juncture.

Moreover, Plaintiff's concern that the requested records could be destroyed is purely speculative. Plaintiff asserts that CaringBridge could delete, at any moment, the stored electronic data she seeks. She notes that "[r]etention schedules of electronic data . . . var[y] widely" and that such information "is not always stored for long periods of time" as a result of the storage costs. [Doc. 66] at 3. As Defendants point out, CaringBridge's own privacy policy states that it will retain users' information "for as long as [the] account is active or as needed to provide . . . services" and as required to comply with "legal obligations, resolve disputes, and enforce [its] agreements." [Doc. 71-2] at 2. Plaintiff posits that this language "likely" does not apply to the server logs she seeks and that it does not guarantee that the information "will be

5

retained indefinitely." [Doc. 72] at 14. Her speculation, however, does not establish good cause for diverting from the usual discovery practice contemplated by Fed. R. Civ. P. 26. *See Falcon Indus., Inc. v. Combat Optical, Inc.*, 12-cv-0679 JCH/ACT, [Doc. 19] at *5 (D.N.M. Sept. 26, 2012) ("Plaintiff's assertion of 'in all likelihood' the information it seeks 'may be' destroyed is a less than compelling reason to depart from the orderly approach to discovery contemplated by Rule 26 especially in light of the confidential nature of the files sought by Plaintiff.").

The case law that Plaintiff cites in support of her position is unpersuasive. *See Qwest Commc'ns Int'l*, 213 F.R.D. at 419–21 (no good cause for early discovery where plaintiff's original complaint did not seek preliminary injunctive relief, plaintiff had not served defendant, and the scope of the discovery sought was overbroad); *Artista Records LLC v. Does 1–20*, 2005 WL 3776346, at *1 (D. Colo. Nov. 7, 2005) (unpublished) (good cause existed where sole purpose of early discovery was to discover the identities of the defendants). Plaintiff has failed to establish good cause for the discovery she seeks, and her motion is denied.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Leave to Take Discovery [Doc. 66] is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Quash Subpoena, or Alternatively, Motion for Protective Order, and for Sanctions [Doc. 67] is DENIED as moot.

**IT IS FURTHER ORDERED** that no sanctions will be imposed pursuant to Fed. R. Civ. P. 45(d)(1) and no expenses awarded pursuant to Fed. R. Civ. P. 37(a)(5).

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**