IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HEATHER BURKE,

    Plaintiff,

v.                                                               Case No. 16-cv-0470 RJ/SMV

STATE OF NEW MEXICO, EDWYNN BURCKLE,
JAY HONE, MICHAEL GALLEGOS,
ANGELA DAWSON, BRENDA GUETHS,
KAREN BALTZLEY, GENERAL SERVICES
DEPARTMENT OF THE STATE OF NEW MEXICO,
and LARA WHITE-DAVIS,

    Defendants.[1]

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the following motions: Defendants' Motion to Strike Plaintiff's Amended Complaints, filed on September 19, 2017 [Doc. 56]; Plaintiff's Motion Seeking Leave to Amend Complaint *Nunc Pro Tunc*, filed on October 1, 2017 [Doc. 59]; Plaintiff's Second Motion Seeking Leave to Amend Complaint, filed on November 26, 2017 [Doc. 76]; Plaintiff's [Third][2] Motion Seeking Leave to Amend Complaint, filed on December 5, 2017 [Doc. 77]; and Defendants' Expedited Motion to Stay Further Filings and Existing Deadlines to Respond to any Pending Motions, filed on December 11, 2017 [Doc. 78]. The Honorable Robert A. Junell, Senior United States District Judge, referred this matter to me for analysis and a recommended disposition. [Doc. 52]. I have considered the briefing, the relevant portions of the record, and the relevant law. Being otherwise fully advised in the premises, I will

---

[1] The State of New Mexico is no longer a party in this action. *See* [Docs. 50, 53]. All other Defendants were named in Plaintiff's Amended Complaints [Docs. 53, 54] following remand from the Tenth Circuit.
[2] Plaintiff titles this motion a "Second Motion" for leave to amend. [Doc. 77]. Because it is, in fact, her third pending motion for leave to amend, I refer to it as such to avoid confusion.

DENY as moot Defendants' motion to strike [Doc. 56]; DENY as moot Plaintiff's first motion [Doc. 59] and second motion [Doc. 76] for leave to amend; GRANT IN PART AND DENY IN PART Defendants' motion to stay [Doc. 78]; and ORDER Defendants to respond to Plaintiff's third motion for leave to amend [Doc. 77].[3]

## Background

In January 2013, Plaintiff began working for the New Mexico General Services Department ("GSD") as an "IT Generalist." [Doc. 49-1] at 2. In that position, she "provid[ed] IT support and customer services for GSD." *Id.* She alleges a number of violations of state and federal law stemming from her employment in that position.[4] Plaintiff, proceeding pro se, filed suit in state court in May 2016 against the State of New Mexico and several state employees. [Doc. 1-2]. She alleged claims based on the Fair Pay for Women Act ("FPWA"), the New Mexico Whistleblower Protection Act ("WPA"), and 42 U.S.C. § 1983. Defendants removed the case to federal court and moved to dismiss the claims. [Docs. 1, 10]. Plaintiff subsequently moved to amend her complaint by substituting GSD in place of the State of New Mexico as a defendant and adding certain additional claims and defendants. [Doc. 29]. On October 3, 2016, Judge Junell granted Defendants' motion to dismiss all of Plaintiff's claims and denied her leave to amend her complaint. [Docs. 41, 42].

---

[3] The Court notes that Plaintiff has additionally filed a motion to sever or bifurcate one of her newly asserted claims. [Doc. 55]. The Court will not rule on that motion at this time.
[4] Plaintiff alleges that men in her department were being paid more than women in the same positions. She further alleges harassment at the hands of a co-worker that, when reported to her supervisors, went unchecked. She alleges that she uncovered "malfeasance" and "gross misconduct and . . . mismanagement" within her department but was retaliated against and subjected to a hostile work environment when she reported these issues. She contends she was similarly retaliated against for reporting serious security and privacy breaches at GSD. Plaintiff also alleges that she was retaliated against and subjected to a hostile working environment as a result of being diagnosed with cancer and during the course of her treatment. *See* [Doc. 49-1] at 2–4.

Plaintiff appealed to the Tenth Circuit, which affirmed in part and reversed in part. 696 F. App'x 325 (10th Cir. 2017); [Doc. 49-1]. The Tenth Circuit affirmed the dismissal of Plaintiff's claims except as to her WPA claim against Defendant Burckle, Secretary of the General Services Department, in his official capacity.[5] [Doc. 49-1] at 20. And it affirmed the denial of leave to amend except as to the addition of FPWA and EPA claims against GSD, the addition of a WPA claim against GSD, and the submission of an amended § 1983 privacy claim. *Id.* at 20–21. The Tenth Circuit remanded "for further proceedings as to violation of privacy, wage discrimination, and whistleblowing that are consistent with this Order and Judgment." *Id.* at 21. On remand, Judge Junell vacated the judgment in part and granted Plaintiff leave to file an amended complaint. [Doc. 50]. Consistent with the Tenth Circuit's order, Judge Junell granted Plaintiff leave:

> (1) to amend her privacy claim under 42 U.S.C. § 1983 and cure the deficiencies noted in the Tenth Circuit's Order and Judgment dated June 8, 2017; (2) to name GSD as a defendant in this action; (3) to add a WPA claim against GSD in addition to Plaintiff's WPA claim against Edwynn Burckle, in his official capacity as Secretary of the General Services Department; and (4) to add discrimination claims under New Mexico's [FPWA] and the federal [EPA] against GSD. Plaintiff shall **not** include any other previously-dismissed claims in her Amended Complaint, except as specified by this Order.

[Doc. 50] at 1–2. He ordered Plaintiff to file her amended complaint within 21 days. *Id.* at 1.

On September 5, 2017, Plaintiff filed a 46-page amended complaint. [Doc. 53]. The amended complaint stated FPWA and EPA claims against GSD; § 1983 claims for violation of the Fourth Amendment against Defendants Burckle and Baltzley in their individual capacities;

---
[5] The Tenth Circuit also vacated the judgment "to the extent it purported to dismiss non-existent § 1983 claims against Secretary Burckle in his official capacity." [Doc. 49-1] at 20.

and a WPA claim against GSD. Plaintiff also asserted several new claims that she had never previously raised. She alleged violation of the New Mexico Human Rights Act ("NMHRA") for gender discrimination and harassment, disability discrimination, and failure to accommodate; violation of the New Mexico Fraud Against Taxpayers Act ("FATA"); violation of the New Mexico Inspection of Public Records Act ("IPRA"); breach of contract and breach of the implied covenant of good faith and fair dealing; and violation of the Family and Medical Leave Act ("FMLA").[6] A week later, on September 13, 2017, Plaintiff filed a second amended complaint, without requesting leave of the Court to do so. [Doc. 54]. The second amended complaint added several new paragraphs and made additional changes to existing allegations.

Defendants move to strike both amended complaints pursuant to Fed. R. Civ. P. 15(f). [Doc. 56]. They assert that the Tenth Circuit "narrowly set the parameters under which" Plaintiff could file an amended complaint. *Id.* at 6. Defendants argue that the amended complaints exceed the scope of the Tenth Circuit's order and Judge Junell's corresponding order on remand granting Plaintiff leave to file an amended complaint. *Id.* at 6–9. Those orders "made clear" that "the only permissible defendants in Plaintiff's Amended Complaint are the GSD and Defendant Burckle (official capacity only) and the only permissible causes of action are" a § 1983 privacy claim, a FPWA/EPA discrimination claim, and a WPA claim. *Id.* at 5. The amended complaints, they argue, "add[] additional allegations, claims, and defendants beyond that permitted by the Court and without seeking leave to do so under Rule 15(a)(2)." *Id.* at 2.

---

[6] As to the FATA and IPRA claims, the amended complaint specifies that the claims are asserted against GSD. As to the other claims, Plaintiff does not specify against whom they are asserted. In addition to Defendants GSD, Burckle, and Baltzley, Plaintiff names Jay Hone, Michael Gallegos, Angela Dawson, Brenda Gueths, and Lara White-Davis as Defendants in this action.

Defendants suggest that allowing the amended complaints to stand would contravene the "law-of-the-case" doctrine and the mandate rule, which require trial courts to conform to the terms of the remand. *Id.* at 6. Where the amended complaints exceed the scope of the leave to amend granted, Defendants argue, they should be struck. Additionally, with respect to the second amended complaint, Defendants argue that it was not filed within the 21-day period and that Plaintiff did not seek leave of the court to file it. *Id.* at 9–10.

Plaintiff disputes Defendants' assessment of the scope of her leave to amend following remand. As an initial matter, Plaintiff argues that she was granted leave to amend her § 1983 privacy claim to cure the deficiencies noted by the Tenth Circuit; amending that claim necessarily entails re-asserting claims against Defendants Burckle and Baltzley in their individual capacities. [Doc. 57] at 5–8. More broadly, Plaintiff argues that she should be permitted to add new claims and defendants in her amended complaint. In the order granting her leave to amend, she was directed not to "include any other previously dismissed claims in her Amended Complaint," except as specified. She argues that the order was silent as to new claims not previously raised. *Id.* at 2. Therefore, she contends, she was free to file an amended complaint that asserted new claims in addition to the claims explicitly allowed to proceed, so long as she did not re-assert claims that were properly dismissed. And, even if she were required to obtain leave of the Court to add the new claims and amendments, she argues that leave should be granted "*nunc pro tunc*." *Id.* at 5. She further argues that her second amended complaint was proper pursuant to Fed. R. Civ. P. 15(a)(1), which permits amendment once as a matter of course. *Id.* at 4–5.

5

Shortly after the motion to strike was filed, Plaintiff filed a motion seeking leave to amend her complaint *nunc pro tunc*.[7] [Doc. 59]. The parties' respective briefing on the motion largely tracks the briefing on the motion to strike. Plaintiff argues that granting leave to amend *nunc pro tunc* would alleviate any alleged procedural deficiency in her amended complaints. *Id.* at 3–4. Defendants again argue that the deficiencies in the amended complaints are "based on her failure to abide by the clear and specific Tenth Circuit Order." [Doc. 63] at 6. They argue *nunc pro tunc* relief would be inappropriate here, where Plaintiff's proposed amendments are "substantive and material" and where the requested relief would effectively modify the earlier orders granting limited leave to amend. *Id.* at 7–8.

Plaintiff has subsequently filed two additional motions for leave to amend, even though her first motion for leave to amend and Defendants' motion to strike are still pending. Plaintiff's second motion for leave to amend seeks to add several additional claims beyond those already asserted in her amended complaints. [Doc. 76]. In addition to the claims alleged in her second amended complaint, *see* [Docs. 54, 59-1], Plaintiff seeks to add new claims for violation of the Stored Communications Act ("SCA"), violation of her "freedom of speech and association" pursuant to § 1983, and conspiracy to violate her civil rights pursuant to 42 U.S.C. § 1985. [Doc. 76]. This proposed third amended complaint also seeks to add counsel for Defendants, Jaclyn McLean, as a Defendant. Finally, Plaintiff's third motion for leave to amend seeks to correct errors in the caption and title of the proposed third amended complaint. [Doc. 77].

---

[7] The proposed amended complaint attached as an exhibit to the motion [Doc. 59-1] appears identical to the second amended complaint Plaintiff filed [Doc. 54].

Instead of responding to these latest motions to amend, Defendants have moved the Court for an order staying any further filings by Plaintiff in this matter pending resolution of Defendants' motion to strike the amended complaints. [Doc. 78]. Defendants argue that Plaintiff's successive motions, violations of the discovery rules, and noncompliance with the rules of procedure have burdened them as well as the Court. *Id.* at 5. Plaintiff's "unauthorized attempts at early discovery and her barrage of motions and constantly changing complaints are harassing and vexatious" such that the Court's intervention is necessary, they argue. *Id.* at 7. Defendants further request that, to the extent a decision on their motion to strike does not make moot Plaintiff's latest motion to amend, they be given 21 days from the filing of such decision to respond. *Id.* at 7.

## **Analysis**

Defendants urge the Court to strike Plaintiff's amended complaints and suggest that doing so may render moot Plaintiff's latest motion to amend. *See* [Doc. 78] at 4. In fact, Plaintiff's latest motion to amend renders moot her preceding motions to amend as well as Defendants' motion to strike. Therefore, the Court will deny as moot the motion to strike [Doc. 56] and Plaintiff's first two motions to amend [Docs. 59, 76]. And the Court will order Defendants to respond to Plaintiff's most recent motion for leave to amend. [Doc. 77].

At bottom, the parties' disputes—and the pending motions—center on the scope of the Tenth Circuit's remand order and whether and how Plaintiff may assert new claims and add new defendants for the first time on remand. Defendants argue that the amended complaints should be struck because Plaintiff seeks to assert claims and name defendants beyond the scope of the

7

Tenth Circuit's mandate and Judge Junell's order on remand granting leave to amend. There is no real question that Plaintiff seeks to add new claims and defendants. And it is true that Plaintiff filed her amended complaints without first seeking leave of the court to add the additional claims and parties. But Plaintiff has since sought leave of the Court to so amend her complaint. Thus, it is not enough for Defendants simply to point out that Plaintiff failed to obtain leave of the Court before adding the additional claims.

Moreover, to the extent Defendants suggest that the question of post-remand amendment may be resolved entirely by the "law-of-the-case" doctrine and the mandate rule, they have not convinced me at this juncture. The law-of-the-case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). When a case is on remand, the doctrine provides that "the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." *Id.* The doctrine "is intended to prevent continued re-argument of issues already decided." *Id.* A corollary to the law-of-the-case doctrine is the mandate rule, which provides that "a district court must comply strictly with the mandate rendered by the reviewing court." *Id.* (quoting *Ute Indian Tribe v. Utah*, 114 F.3d 1513, 1520–21 (10th Cir. 1997)). "[T]he scope of the mandate on remand in the Tenth Circuit is carved out by exclusion: unless the district court's discretion is specifically cabined, it may exercise discretion on what may be heard." *Dish Network Corp. v. Arrowood Indem. Co.*, 772 F.3d 856, 864 (10th Cir. 2014). Thus,

"[a]lthough a district court is bound to follow the mandate, and the mandate controls all matters within its scope, . . . a district court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal." *Procter & Gamble v. Haugen*, 317 F.3d 1121, 1126 (10th Cir. 2003).

The Tenth Circuit remanded this case "for further proceedings as to violation of privacy, wage discrimination, and whistleblowing that are consistent with this Order and Judgment." [Doc. 49-1] at 21. The law-of-the-case doctrine and the mandate rule provide that Plaintiff cannot re-assert, for example, her equal-protection or due process claims, which the Tenth Circuit held had been properly dismissed without leave to amend. *See id.* at 7–9, 11–13. But the mandate from the Tenth Circuit did not specifically address whether Plaintiff could seek to add new claims in the case. It is unclear to the Court whether Defendants argue that Plaintiff may never seek leave to amend her complaint on remand, or whether they argue that Plaintiff erred by adding the new claims and defendants without first seeking leave of the Court to do so. To the extent they argue the former, the Court finds the argument unpersuasive. And to the extent they argue the latter, the point is moot because Plaintiff has since sought leave to amend. Because Plaintiff has now requested such leave, the Court is inclined to consider whether amendment should be granted pursuant to Fed. R. Civ. P. 15(a)(2).

Therefore, the Court will order Defendants to respond to Plaintiff's most recent motion to amend [Doc. 77], addressing whether leave to amend should be granted pursuant to Fed. R. Civ. P. 15(a)(2) with respect to all claims and parties Plaintiff seeks to add beyond those specifically permitted by the Tenth Circuit and Judge Junell's order on remand. In their response,

Defendants are permitted to refine or re-assert their arguments regarding the law of the case and the mandate rule. However, as noted above, the Court is unpersuaded by the cursory argument they have presented in their briefing to date.

Finally, the Court cautions Plaintiff that she must adhere to the rules of procedure moving forward in this litigation. Individuals are entitled to represent their own interests as pro se litigants in federal court. 28 U.S.C. § 1654; *see also Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). While a pro se litigant is entitled to a liberal reading of her pleadings, she is still held to the same rules of practice and procedure that are applicable to any licensed attorney. *See Murray v. City of Tahlequah, Okla.*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Failure to adhere to the rules of procedure or the directives of the Court can result in the imposition of sanctions. *Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010). The Court thus cautions Plaintiff against any unnecessary, frivolous, or procedurally improper filings. Since this case was remanded from the Tenth Circuit, Plaintiff has filed two amended complaints and three motions to amend. The Court warns Plaintiff that any further motions to amend filed while her most recent motion [Doc. 77] is pending may be subject to summary denial.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike Plaintiff's Amended Complaints [Doc. 56] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Seeking Leave to Amend Complaint *Nunc Pro Tunc* [Doc. 59] and Plaintiff's Second Motion Seeking Leave to Amend Complaint [Doc. 76] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants' Expedited Motion to Stay Further Filings and Existing Deadlines to Respond to any Pending Motions [Doc. 78] is **GRANTED IN PART AND DENIED IN PART**. It is granted to the extent that Defendants request additional time to respond to Plaintiff's most recent motion to amend. It is denied in all other respects.

**IT IS FURTHER ORDERED** that Defendants respond to Plaintiff's Third Motion Seeking Leave to Amend Complaint [Doc. 77] no later than **January 12, 2018**.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**