IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HEATHER BURKE,

    Plaintiff,

v.                                                           No. 16-cv-0470 SMV/KK

STATE OF NEW MEXICO GENERAL SERVICES
DEPARTMENT, EDWYNN BURCKLE, JAY HONE,
ANGELA DAWSON, BRENDA GUETHS, and
KAREN BALTZLEY,

    Defendants.[1]

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S THIRD AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION TO STRIKE

THIS MATTER is before the Court on Defendants' Motion and Memorandum for Partial Dismissal of Plaintiff's Third Amended Complaint [Doc. 96], filed on August 8, 2018.[2] Plaintiff responded and moved to strike the Motion on August 20, 2018. [Doc. 99].[3] Defendants replied on September 4, 2018. [Doc. 101]. The parties consented on September 30, 2018, to the undersigned's presiding over and entering final judgment in this case.[4] [Doc. 104]. The Court has considered the briefing, the relevant portions of the record, and the relevant law. Being otherwise fully advised in the premises, Defendants' Motion to Dismiss will be **DENIED** and Plaintiff's Motion to Strike will be **DENIED**.

---

[1] The State of New Mexico is no longer a party in this action. *See* [Docs. 50, 53]. All other Defendants were named in Plaintiff's Amended Complaints [Docs. 53, 54] following remand from the Tenth Circuit.
[2] Defendants filed their exhibits on August 16, 2018. [Doc. 98].
[3] Plaintiff filed her exhibits separately. [Doc. 100].
[4] Originally, I served as the referral judge in this case. However, on the retirement of the presiding judge, the Honorable M. Christina Armijo, Senior United States District Judge, the parties elected to consent to my presiding. [Doc. 104].

## I. BACKGROUND

The State of New Mexico General Services Department ("GSD") hired Plaintiff in January of 2013 to provide information technology support for GSD as an IT Generalist 2. [Doc. 94] at 3–4. Plaintiff alleges that, while she worked at GSD, she experienced various forms of gender discrimination and harassment, including violent and threatening outbursts from co-worker Mr. Bonal, pay discrimination, and retaliation for reporting Mr. Bonal's allegedly ineffective technology work. *Id.* at 5–11. Plaintiff alleges that, after undergoing knee surgery and being diagnosed with cancer, GSD and its employees discriminated against her by denying her leave, interfering with leave donations, denying her accommodations, and terminating her employment under the guise of her being too sick to work. *Id.* at 22–29.

Plaintiff filed three Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of the above behavior. [Doc. 98] at 3–5. The EEOC and New Mexico Human Rights Board ("HRB") made no findings regarding the alleged acts of discrimination, allowing Plaintiff the opportunity to appeal their non-determinations by complaining of the alleged discrimination in court. [Doc. 100] at 8–16.

Plaintiff filed suit in New Mexico state court on April 21, 2016. [Docs. 1-2 to 1-8]. Defendant Burckle removed the case to federal court on May 23, 2016. [Doc. 1]. Since that time, Plaintiff's case has taken a procedurally winding road. She first amended her Complaint, without leave, on July 19, 2016, adding GSD as a Defendant. [Doc. 18]. She then moved for leave to amend the Complaint to add additional claims, [Doc. 29], which the Court denied as futile. [Doc. 38]. Plaintiff appealed. The Tenth Circuit affirmed dismissal of various claims against the individual Defendants, who are GSD employees. [Doc. 49-1]. However, the Tenth

Circuit reversed and remanded with instructions that Plaintiff be granted leave to amend the complaint to add claims against GSD based on the Fair Pay for Women Act ("FPWA"), Equal Pay Act, and Whistleblower Protection Act ("WPA"). *Id.*

Following the Tenth Circuit's remand, Plaintiff filed two more amended complaints, one on September 5, and a second on September 13, 2017 (the "September Amended Complaints"). [Docs. 53, 54]. These Complaints included:

- FPWA and Equal Pay Act claims against GSD and all other Defendants in their official capacities;

- § 1983 claims alleging Fourth Amendment violations against Burckle and Baltzley individually;

- a WPA claim against GSD and all other Defendants in their official capacities only;

- New Mexico Human Rights Act ("NMHRA") violations regarding gender and disability discrimination and failure to accommodate against all Defendants except GSD;

- violation of the New Mexico Fraud Against Taxpayers Act ("FATA") by all Defendants;

- a New Mexico Inspection of Public Records Act ("IPRA") claim against GSD and all other Defendants in their official capacities only;[5]

- breach-of-contract and breach-of-implied-covenant-of-good-faith-and-fair-dealing claims against all Defendants except GSD; and

- allegations that all Defendants except GSD violated the Family and Medical Leave Act ("FMLA"). *Id.* at 31–46.

---

[5] During the EEOC's investigation, Plaintiff requested a number of items from Defendants under the IPRA. [Doc. 94] at 29–30. She allegedly never received many requested items, including whistleblowing records and Mr. Bonal's hiring documents. *Id.* at 30.

Defendants filed a Motion to Strike the September Amended Complaints. [Doc. 56]. Before the Court could decide the Motion to Strike, Plaintiff filed a Second Motion for Leave to Amend the Complaint, alleging a right-to-privacy claim against defense counsel Jaclyn McLean related to Ms. McLean's investigation of Plaintiff. [Doc. 76]. Plaintiff then filed another "Second" Motion for Leave to Amend the Complaint (which the Court will refer to as the Third Motion for Leave to Amend). [Doc. 77]. Because Plaintiff's Third Motion for Leave to Amend [Doc. 77] rendered her September Amended Complaints [Docs. 53, 54] moot, the Court also denied as moot Defendants' Motion to Strike the September Amended Complaints. [Doc. 80].

Acting at that time as the referral judge, I then recommended that Plaintiff's Third Motion for Leave to Amend be granted in part and denied in part. [Doc. 90]. I recommended that Judge Armijo allow Plaintiff to proceed on the following claims only: (1) an FPWA/EPA claim against GSD; (2) WPA claims against GSD and Defendant Burckle in his official capacity; (3) an IPRA claim against GSD; and (4) an FMLA claim against Defendant Dawson individually. [Doc. 90]. I recommended that the Third Motion to Amend [Doc. 77] be denied as to all other claims. Regarding Plaintiff's proposed NMHRA claims, however, I recommended that leave to amend be denied without prejudice. *Id.* Judge Armijo adopted my recommendations and denied leave to amend without prejudice with respect to Plaintiff's NMHRA claims, inviting Plaintiff to specify which Defendant she intended to allege NMHRA violations. [Doc. 93] at 23–24.

On July 11, 2018, Plaintiff filed her Third Amended Complaint consistent with Judge Armijo's order. [Doc. 94]. Defendants moved under Rules 12(b)(1) and 12(b)(6) to dismiss the following claims: the FPWA claim against GSD, the FMLA claim against Dawson individually,

and each NMHRA claim. [Doc. 96]. For the following reasons, Defendants' Motion to Dismiss will be DENIED.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausible" means that the plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).

The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," because courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Iqbal*, 556 U.S. at 678.[6]

---

[6] The Court will not discuss the Rule 12(b)(1) standard for dismissal of a claim. Defendants also move under Rule 12(b)(1) to dismiss Plaintiff's Third Amended Complaint for lack of subject matter jurisdiction. Their only argument related to subject matter jurisdiction, however, concerns the FPWA's alleged failure to waive sovereign

5

Pro se pleadings are interpreted liberally, *see Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993), but must comply with the basic requirements of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quoting *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994)). Accordingly, notwithstanding the liberal construction provided to pro se filings, a pro se plaintiff is not relieved of the burden of alleging sufficient facts upon which to base a recognized legal claim. *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

### III. ANALYSIS

**A. Defendant GSD has withdrawn its Motion to Dismiss with respect to the FPWA claim.**

Defendant GSD initially argued that sovereign immunity barred suit under the FPWA against the state agency or, in the alternative, that the State is not a proper defendant under the FPWA's definition of "employer." [Doc. 96] at 3–11. GSD has withdrawn this argument in light of the Court of Appeals of New Mexico's recent decision in *Wolinsky v. N.M. Corr. Dep't*, No. A-1-CA-35762, 2018 WL 4204128 (N.M. Ct. App. Aug. 30, 2018). [Doc. 101] at 1–2. In *Wolinsky*, the Court of Appeals of New Mexico found that the FPWA waived sovereign immunity and permitted suit against the State. 2018 WL 4204128, at *3. The Motion to Dismiss as to Count I of Plaintiff's Third Amended Complaint therefore will be DENIED as moot.

**B. Defendant Dawson waived any objection to adding an FMLA claim against her in her individual capacity by not objecting to the May 9, 2018 PF&RD.**

Defendant Dawson moves to dismiss Count IV of Plaintiff's Third Amended Complaint on the grounds that individual public employees may not be held liable for violations of the

---

immunity. [Doc. 96] at 3–9. Because, as noted *infra* III.A., Defendants withdraw this argument, the Court will not discuss the Rule 12(b)(1) standard for dismissal.

FMLA. [Doc. 96] at 11. Defendant Dawson waived this argument by not objecting to the Proposed Findings and Recommended Disposition [Doc. 90].

To preserve an issue for appeal after a magistrate judge issues proposed findings and recommended disposition ("PF&RD"), a party must object to the findings prior to the district court's adoption of the PF&RD. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). The Tenth Circuit refers to this as the "firm waiver rule." *Id.* at 1059. Under Rule 72(b), the district court determines de novo "any part of the magistrate judge's disposition *that has been properly objected to*." Fed. R. Civ. P. 72(b)(3) (emphasis added). A party who fails to properly object to a PF&RD within 14 days loses the opportunity to contest the PF&RD. Fed. R. Civ. P. 72(b)(2). The Supreme Court has noted that Congress did not "intend[] to require district court review of a magistrate's factual or legal conclusions . . . when neither party objects." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). By preventing a party from introducing complex arguments after a district court adopts a PF&RD, the firm waiver rule avoids sandbagging and ensures that issues are fully litigated before district court determination. *Id.* at 147–48.

Here, Defendant Dawson did not file any objections to my PF&RD, thereby waiving any arguments available to her at the time of the recommendation. The PF&RD clearly recommended that Plaintiff be granted leave to amend "as to Defendant Dawson and denied as to all other individual Defendants." [Doc. 90] at 27; *id.* at 32 ("Plaintiff should be permitted to proceed on the following claims . . . (4) her FMLA claim against Defendant Dawson."). Dawson failed to object entirely. The Court cannot hear her argument now.

7

Therefore, because Defendant Dawson waived her objection to an individual liability claim under the FMLA, Defendant's Motion to Dismiss as to Count IV of Plaintiff's Third Amended Complaint will be DENIED.

## C. Plaintiff appealed the HRB's Orders of Non-Determination within the NMHRA's 90-day time limit.

Defendants move to dismiss Plaintiff's NMHRA claims on two grounds. First, they argue that the claims should be dismissed because Plaintiff failed to ask the Court for leave to add them. [Doc. 96] at 17–18. Second, Defendants argue that Plaintiff did not fully exhaust administrative remedies because she (1) untimely appealed the HRB's Orders of Non-Determination and (2) did not include in her Third Amended Complaint all of the acts of discrimination in her EEOC Charges. *Id.* at 18–20. The Court rejects each of Defendants' arguments.

### 1. The Court should not require Plaintiff to file yet another motion to amend to add the NMHRA claims.

Defendants' first argument—that Plaintiff did not have permission to file NMHRA claims because Judge Armijo denied leave to amend without prejudice—fails. A dismissal of a claim without prejudice "does not bar the plaintiff from refiling within the applicable limitations period." *Dismissal Without Prejudice*, BLACK'S LAW DICTIONARY (8th ed. 2004). No Rule of Civil Procedure requires a party to ask for leave to amend before filing a new complaint when the court has denied leave to amend without prejudice.

Here, though Plaintiff's Third Motion for Leave to Amend to add NMHRA claims was denied, the Court's Order stated, "Plaintiff will be permitted another opportunity at amendment to allege violation of the NMHRA, specifying which Defendants she seeks to assert claims

against." [Doc. 93] at 23. The Court required more particularity from Plaintiff because, absent specificity as to each Defendant, evaluation of administrative exhaustion would prove difficult. *Id.* Plaintiff took her next opportunity to amend by filing her Third Amended Complaint, adding NMHRA claims specifically against Defendants GSD, Baltzley, Burckle, Dawson, Gueths, and Hone (Counts VI and VII); Defendants GSD, Baltzley, Burckle, Gueths, and Hone (Count V). [Doc. 94]. She complied with the Court's order. Nothing more was required to add Plaintiff's NMHRA claims. Requiring the pro se Plaintiff to move for leave to amend—for the fourth time, in an already procedurally laborious case—would serve no purpose. *See* Fed. R. Civ. P. 1 ("These rules . . . should be construed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding.").

2. **Plaintiff timely appealed the HRB's Orders of Non-Determination.**

Defendants next argue that Plaintiff did not properly exhaust administrative remedies because she did not timely appeal the three Orders of Non-Determination issued by the HRB. [Doc. 96] at 18–20. The Court disagrees. The NMHRA requires a claimant to file a Charge of Discrimination ("Charge") with either the HRB or the EEOC prior to filing suit in state or federal court. NMSA 1978, § 28-1-10(A) (2005); *Sabella v. Manor Care, Inc.*, 1996-NMSC-014, ¶¶ 9−10, 121 N.M. 596. If the HRB rules against the plaintiff, or issues an order of non-determination, the plaintiff then has 90 days in which to appeal to the district court for a trial de novo. § 28-1-13(A). Failure to appeal within 90 days bars the plaintiff from pursuing her claims in court. *Id.*; *Sabella*, 1996-NMSC-014, ¶ 9.

Plaintiff filed three Charges of Discrimination.[7] The HRB served the first Order of Non-Determination on August 11, 2017. [Doc. 100-1] at 7. Plaintiff had 90 days—until November 9, 2017—to appeal this Charge under § 28-1-13. The HRB served Orders of Non-Determination on the other two Charges on August 22, 2017. [Doc. 100-1] at 10, 13. Plaintiff had until November 20, 2017, to appeal these Charges. Plaintiff appealed all of these Charges by filing two Amended Complaints on September 5 and 13, 2017. [Docs. 53, 54]. Because each Complaint was filed before the November 9 and 20, 2017 deadlines, Plaintiff timely filed her appeals.

Defendants incorrectly argue that Plaintiff's Second Motion for Leave to Amend [Doc. 76], filed on November 26, 2017 (after the 90-day deadline), nullified Plaintiff's timely exhaustion of administrative remedies. True, the Second Motion for Leave to Amend mooted her September 5 and 13, 2017 Amended Complaints. [Doc. 80] at 7. That does not mean, however, that Plaintiff's NMHRA claims disappeared. Plaintiff's Second Motion for Leave to Amend filed on November 26, 2017, related back to her timely filed appeal on September 13, 2017. If an untimely complaint relates back to a timely filed complaint, the later-filed complaint is not time-barred. *Krupski v. Costa Cricuere S.p.A.*, 560 U.S. 538, 541 (2010). An amendment relates back to the original pleading when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

In this case, Plaintiff's Second Motion for Leave to Amend [Doc. 76], filed on November 26, 2017, alleged the same NMHRA violations against the same parties as her

---

[7] These Charges are No. 543-2015-00099 (October 29, 2014), No. 543-2015-00748 (May 12, 2015), and No. 543-2016-00987 (August 30, 2016). [Doc. 98] at 3–5.

September Amended Complaints. *See* [Docs. 54, 76] (each alleging the same NMHRA violations including: (1) gender harassment, pay discrimination, and retaliation; (2) discrimination based on Plaintiff's ACL/MCL tear and cancer diagnoses, including Defendants' alleged firing of Plaintiff due to her illnesses; and (3) failure to accommodate Plaintiff's cancer-related disabilities). The November Complaint [Doc. 76] therefore arose from the same conduct, transactions, or occurrences alleged in the September Amended Complaints [Docs. 53, 54]. Since the Second Motion for Leave to Amend the Complaint relates back to the September Amended Complaints, Plaintiff appealed the HRB's decisions within the 90-day deadline.

Finally, Defendants argue in a footnote that the charged acts of discrimination are not properly alleged because Plaintiff's Third Amended Complaint "only references her first and second" Charges of Discrimination and "does not specify [to] which of her three NMHRA causes of action" each Charge applies. [Doc. 96] at 19 n.11. The Court disagrees. Construing Plaintiff's filings liberally, as the Court must do, *Hall*, 935 F.2d at 1110, Plaintiff properly alleged each of her Charges in the November 26, 2017 Amended Complaint. Charge No. 543-2015-00099 included disability and gender discrimination allegations occurring between May 1, 2013, and October 29, 2014, such as harassment by Mr. Bonal and the Defendants' failure to accommodate her knee brace. [Doc. 98] at 3. In her Third Amended Complaint, Plaintiff specifically refers to this Charge, [Doc. 94] at 9, and alleges harassment by Mr. Bonal shortly after she began employment at GSD. *Id.* at 5–6. She also alleges the same failure to accommodate her knee brace as in her Charge. *Id.* at 24. Plaintiff therefore properly appealed her first Charge.

11

Plaintiff also properly included her second Charge, No. 543-2015-00748, in her Third Amended Complaint. She refers to it specifically (though incorrectly stating its date as May 16, 2015) in the Third Amended Complaint. *Id.* at 11. Plaintiff's second Charge alleged that, between November 26, 2014, and May 12, 2015, she suffered continued disability harassment, denial of requests for accommodation, interference with requests for leave donations, forced work despite her disability, and failure to honor doctor-imposed work restrictions. [Doc. 98] at 4. Plaintiff alleges in her Third Amended Complaint that Defendants interfered with her leave requests. [Doc. 94] at 21. She also alleges that GSD discriminated against her under the guise of being "too sick to perform her job" and forced her to lift heavy machinery in violation of doctor-imposed medical restrictions. *Id.* at 21, 25 (internal quotation marks omitted). These allegations are the same as those in her second Charge.

Plaintiff properly included her third Charge, No. 543-2016-00987, in her Third Amended Complaint. Though she does not specifically list this Charge by date, the Complaint repeats the same allegations contained in the Charge. The Charge complains of Plaintiff's working conditions between May 13, 2015, and July 6, 2016. [Doc. 98] at 5. In it, Plaintiff alleged that GSD terminated her due to her disability, moved her work space to a closet and isolated her, and gave her different duties than her male co-workers. *Id.* Plaintiff's Third Amended Complaint similarly alleges that her employer forced her to work in a closet and prohibited other employees from interacting with her. [Doc. 94] at 22. She also alleges that GSD constructively terminated her due to disability- and gender-related harassment. *Id.* at 23. Construing these allegations liberally, Plaintiff adequately appealed the acts of discrimination described in her third Charge.

Since Plaintiff timely appealed each of the three Charges, Plaintiff properly exhausted her administrative remedies. Defendants' Motion to Dismiss Counts V, VI, and VII of Plaintiff's Third Amended Complaint will be DENIED.

**D.     Plaintiff's Motion to Strike Defendants' Motion to Dismiss fails because Rule 12(f) does not apply to it and because Plaintiff does not allege sufficient facts regarding Defendants' alleged misconduct to warrant striking the filing.**

Plaintiff argues in her Opposition to and Motion to Strike Defendants' Motion to Dismiss that, because Defendants (1) "redundantly re-argue already settled issues and defenses" and (2) "mak[e] factual statements that they know, or should know, to be false," the Court should strike the Motion to Dismiss and award Plaintiff sanctions. [Doc. 99] at 1. The Court disagrees. Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 7(a), in turn, defines a "pleading" as a complaint, answer to complaint, answer to a counterclaim, answer to crossclaim, third-party complaint, answer to third-party complaint, and a reply to an answer. Fed. R. Civ. P. 7(a). The Federal Rules of Civil Procedure separately define a "motion" as a "request for a court order." Fed. R. Civ. P. 7(b). Because Rule 12(f) only applies to pleadings, not motions, it does not apply to Defendants' Motion to Dismiss.

With respect to Plaintiff's contention that Defendants' Motion includes false factual claims, she does not allege which facts Defendants knew, or should have known, to be false. Mere conclusory allegations that Defendants introduced false factual statements are insufficient to strike Defendants' Motion. Finally, Plaintiff gives no reason why the Court should award sanctions. Plaintiff's Motion to Strike and request for sanctions therefore will be DENIED.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants' Motion and Memorandum for Partial Dismissal of Plaintiff's Third Amended Complaint [Doc. 96] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike [Doc. 99] is **DENIED** and Plaintiff is awarded no sanctions.

**IT IS FURTHER ORDERED** that Defendants respond to Plaintiff's Third Amended Complaint no later than **October 19, 2018**. *See* Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR
United States Magistrate Judge
Presiding by Consent**