IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HEATHER BURKE,

    Plaintiff,

v.                                                                  No. 16-cv-0470 SMV/KK

STATE OF NEW MEXICO GENERAL SERVICES
DEPARTMENT, EDWYNN BURCKLE, JAY HONE,
ANGELA DAWSON, BRENDA GUETHS, and
KAREN BALTZLEY,

    Defendants.[1]

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' REQUEST FOR ADDITIONAL DISCOVERY
UNDER RULE 56(d)**

THIS MATTER is before the Court on Plaintiff's Motion for Partial Summary Judgment [Doc. 149], filed on March 8, 2019. Defendants responded on March 22, 2019, by filing a Declaration under Federal Rule of Civil Procedure 56(d). [Doc. 157]. Plaintiff replied on March 28, 2019. [Doc. 158]. The Court held oral argument on April 17, 2019. [Doc. 169] (Clerk's Minutes). The Court has considered the briefing, oral argument, the relevant portions of the record, and the relevant law. Being otherwise fully advised in the premises, the Court will **GRANT IN PART** and **DENY IN PART** Defendants' request for additional discovery and will set a briefing schedule on the Motion.

---

[1] The State of New Mexico is no longer a party in this action. *See* [Docs. 50, 53]. All other Defendants were named in Plaintiff's Amended Complaints [Docs. 53, 54] following remand from the Tenth Circuit.

## BACKGROUND

From 2013 to 2016, Defendant New Mexico General Services Department ("GSD") employed Plaintiff as an IT Generalist 2. [Doc. 94] at 3 (Third Amended Complaint). GSD employed Defendant Angela Dawson as its Human Resources Bureau Chief. [Doc. 149-2] at 18. While Plaintiff was employed at GSD, she requested either intermittent or full-time[2] leave under the Family and Medical Leave Act ("FMLA") at least five times. She claims that she needed FMLA leave after suffering from breast cancer and leg injuries after a ski accident. [Doc. 149] at 4–10. Plaintiff alleges that Defendants took myriad actions that interfered with her use of FMLA leave. *Id.* at 4–27. A detailed recounting of these actions is not necessary to dispose of the instant matter. Broadly speaking, Plaintiff alleges that, from 2014–2016, Defendants committed numerous violations of the FMLA's notice requirements, created significant administrative hurdles to approval of her leave requests, attempted to fire her because her illness prevented her from performing the essential functions of her job, and improperly denied her leave to which she was entitled. *See id.*

## PROCEDURAL HISTORY

Plaintiff filed suit in New Mexico state court on April 21, 2016. [Doc. 1-2] at 1. Defendants removed the case to this Court on May 23, 2016. [Doc. 1]. On July 11, 2018, Plaintiff filed her Third Amended Complaint. [Doc. 94]. She alleges in Count IV that Dawson, in her individual capacity, interfered with her use of FMLA leave. *Id.* at 34–36. Count IV does not

---

[2] An employee takes intermittent leave when she takes FMLA leave for separate blocks of time, as opposed to full-time leave, where she takes leave continuously. *See FMLA Frequently Asked Questions*, U.S. Dep't of Labor, https://www.dol.gov/whd/fmla/fmla-faqs.htm (last visited April 10, 2019).

pertain to any other Defendant.[3]  *See id.*  Count IV also contains an FMLA-retaliation claim.[4]  *See id.*

Since Plaintiff filed her Third Amended Complaint, the parties have engaged in limited discovery, and the case has been plagued by various discovery disputes.  Plaintiff served her First Request for Production on October 16, 2018.  [Doc. 107].  Plaintiff and Defendants served their initial disclosures on October 30, 2018.  [Docs. 109, 110].  The Honorable Kirtan Khalsa, United States Magistrate Judge, entered her Scheduling Order on November 15, 2018, ordering discovery to terminate on May 2, 2019.  [Doc. 118] at 2.  Defendants moved for a confidentiality order on November 29, 2018, [Doc. 124], and Plaintiff moved to compel production of certain documents and files on December 5, 2018, [Doc. 127].  Judge Khalsa denied Plaintiff's Motion to Compel on February 27, 2019.  [Doc. 148].  On March 8, 2019, Plaintiff filed the instant Motion for Partial Summary Judgment.  [Doc. 149].  Judge Khalsa entered a Confidentiality Order over Plaintiff's objection on March 13, 2019.  [Doc. 152].

The parties filed a Joint Motion to Extend Case Management Deadlines on March 15, 2019. [Doc. 153].  They agreed that, though they have exchanged some written discovery and they "are supplementing that discovery as required by Rule 26(e)," the Court should extend the discovery deadline so that Plaintiff—presently a law student—could finish her final semester of law school and then prepare for and take the New Mexico Bar Exam.  *Id.* at 2.  The parties had not yet scheduled the depositions of Plaintiff, Defendant Karen Baltzley, and Dawson.  *Id.*  They also

---

[3] The remaining Defendants include GSD and four of its employees.
[4] In other counts of her Third Amended Complaint, Plaintiff also alleges violations of the Fair Pay for Women Act, Equal Pay Act, New Mexico Whistleblower Protection Act, New Mexico Inspection of Public Records Act, and New Mexico Human Rights Act.  *See* [Doc. 94] at 30–34, 36–40.  Because these allegations are not relevant to the present dispute, the Court will not discuss them.

3

anticipated "that additional depositions may need to be set, but that such scheduling cannot occur until after Plaintiff completes the bar exam." *Id.* Finally, the parties requested a stay from May 20, 2019, to August 5, 2019, so that Plaintiff could study for and take the New Mexico Bar Exam. *Id.* at 2–3.

Judge Khalsa granted the Joint Motion on March 18, 2019. [Doc. 154]. Discovery now terminates on November 4, 2019, with discovery motions due by November 25, 2019. *Id.* at 1. The Court also granted the requested stay. *Id.* at 2.

Defendants filed their Federal Rule of Civil Procedure 56(d) Declaration in response to Plaintiff's Motion for Partial Summary Judgment on March 22, 2019. [Doc. 157]. According to Defendants, though the parties have exchanged their first sets of interrogatories and requests for production, they "have not yet conducted [any] depositions." *Id.* at 2. Neither have Defendants served any contention interrogatories relating to Plaintiff's FMLA claims. *Id.*

On April 2, 2019, Judge Khalsa ruled on various outstanding discovery disputes. [Doc. 163]. The parties disputed the production of certain documents and releases for Plaintiff's medical records. Judge Khalsa ordered Plaintiff to produce certain documents requested by Defendants and ordered defense counsel to send Plaintiff medical-records releases that she must execute. *Id.* at 1–2.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court must deny summary judgment if a reasonable jury could find for the non-movants. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When applying this

standard, the court must construe the evidence in the light most favorable to the non-moving parties. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014).

Pro se pleadings are interpreted liberally, *see Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993), but must comply with the basic requirements of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quoting *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994)).

## ANALYSIS

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may," in its discretion, defer considering the motion, deny the motion, allow time to take discovery, or issue any other appropriate order. Fed. R. Civ. P. 56(d). "The general principal of Rule 56(d) is that 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (alteration in original) (quoting *Anderson*, 477 U.S. at 250 n.5). To properly invoke the Court's discretion, the movant must submit an affidavit "(1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment." *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017). Additionally, the information sought cannot be irrelevant or cumulative, and the declarant cannot have acted dilatorily in obtaining the information. *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993). Though a Rule 56(d) declaration "should be liberally treated," *id.* (quoting *Comm. for First*

*Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)), it "is not a license for a fishing expedition," *Lewis v. City of Ft. Collins*, 903 F.2d 752, 759 (10th Cir. 1990).

Under the FMLA, an employee "shall be entitled to 12 workweeks of leave . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D) (2012). An interference claim under the FMLA has three elements: "(1) that [the employee] was entitled to FMLA leave, (2) that some adverse action by the employer interfered with her right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of her FMLA rights." *Dalpiaz v. Carbon Cty.*, 760 F.3d 1126, 1132 (10th Cir. 2014) (quoting *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007)). Finally, a technical violation of regulations implementing the FMLA does not create an actionable FMLA-interference claim unless the plaintiff suffers prejudice from the violation. *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 90–92 (2002).

Plaintiff argues that summary judgment is proper on her FMLA-interference claim in Count IV for seven reasons:

1) <u>Improper Overtime Calculations</u>: Dawson allegedly excluded Plaintiff's overtime work when calculating Plaintiff's leave entitlement, resulting in Plaintiff's receiving 21 fewer hours of leave than she was entitled to. [Doc. 149] at 13–15.
2) <u>Improper Notice of Leave Designation and Fitness-for-Duty Certification</u>: Dawson allegedly gave Plaintiff improper notice of (a) her eligibility for, and approval of, FMLA leave, (b) GSD's policy for returning to work after taking leave, (c) GSD's requirement of

submitting a fitness-for-duty certification[5] prior to returning to work, and (d) other information concerning applying for and taking FMLA leave. *Id.* at 15–18.

3) <u>Failing to Allow Plaintiff to Return to Work After Taking FMLA Leave</u>: Dawson allegedly did not allow Plaintiff to return to work after taking her leave in 2015 because she did not provide GSD with a fitness-for-duty certification from her doctor, a requirement that GSD had not consistently enforced when Plaintiff previously applied for leave. *Id.* at 18–20.

4) <u>Attempting to Fire Plaintiff After Applying for FMLA Leave</u>: When Defendant Edwynn Burckle advised Plaintiff that GSD was considering firing her because her illness prevented her from performing the essential functions of her job, he allegedly violated the prohibition on considering an employee's FMLA leave use when subjecting her to an adverse employment action. *Id.* at 20–22; *see* 29 C.F.R. § 825.220(c) (2013).

5) <u>Failing to Allow Plaintiff to Return to Work After GSD Received Plaintiff's Fitness-for-Duty Certification</u>: Dawson allegedly did not allow Plaintiff to return to work after her 2015 leave, despite Plaintiff's fitness-for-duty certification stating that she may immediately return. [Doc. 149] at 22–23.

6) <u>Failing to Return Plaintiff to Her Pre-Leave Position</u>: After Plaintiff took leave in late 2015, she alleges that her job duties changed drastically when Dawson allegedly shifted her office to a closet and assigned her significantly less work, among other changes, in violation of 29 C.F.R. §§ 825.214, 215. *Id.* at 24–26.

7) <u>Miscalculating Plaintiff's Eligibility Date</u>: Dawson allegedly miscalculated Plaintiff's eligibility for her 2016 leave by calculating her eligibility as of the date of her FMLA application, not the date of her surgery, thereby depriving her of leave. *Id.* at 26–27.

Defendants[6] argue that they have insufficient evidence to refute Plaintiff's Motion. They list five disputes on which they allegedly need more discovery in order to respond:

---

[5] A fitness-for-duty certification is a form completed by an employee's medical provider verifying that the employee may return to work following the illness or injury necessitating leave. *See* 29 C.F.R. § 825.300(d)(3) (2013).
[6] Though Count IV only applies to Defendant Dawson, counsel submitted the Rule 56(d) Declaration on behalf of all Defendants because "Plaintiff's Motion makes a number of allegations against other Defendants that are not contained in Count IV." [Doc. 157] at 3 n.2.

1) <u>Plaintiff's Eligibility for FMLA Leave</u>: Defendants seek Plaintiff's medical records and wish to depose her and Dr. Bryan Goss (a treating physician) to determine whether she had a serious health condition qualifying her for FMLA leave. [Doc. 157] at 5–6.
2) <u>Plaintiff's Overtime Hours</u>: Defendants wish to depose Plaintiff to discuss how she calculated the number of overtime hours she alleges she worked and whether such hours were a normal part of her work week. *Id.* at 6–7.
3) <u>Notice of FMLA Rights</u>: Defendants wish to depose Plaintiff to discuss whether she received proper notice of her FMLA rights. They also wish to depose her to determine if, had she received proper notice, she "would have invoked FMLA leave in a way that would have prevented h[er] claimed loss or injury." *Id.* at 7 (alteration in original) (quoting *Crites v. City of Haysville*, No. 16-1397-JWB, 2018 WL 2236855, at *9 (D. Kan. May 16, 2018)).
4) <u>Causation</u>: Defendants wish to depose Plaintiff to determine whether the allegedly adverse actions they took against her related to her exercise of FMLA leave. *Id.* at 7–8. They wish to depose Plaintiff "regarding her job duties and responsibilities, discipline, workplace performance, FMLA form submittals, and over time work, among other things, in order to fully address Plaintiff's assertion that a causal connection exists between her exercise of [FMLA] rights . . . and any alleged adverse action." *Id.*
5) <u>FMLA Retaliation Claim</u>: Defendants wish to depose Plaintiff to determine whether she continues to assert an FMLA-retaliation claim in addition to her interference claim and clarify how her retaliation claim differs from the interference claim. *Id.* at 8–9.

**A.     With one exception, Defendants fail to identify the probable facts currently unavailable to them.**

Defendants go to great lengths demonstrating how little discovery has occurred thus far, but, with one exception (discussed below), they never state what probable facts they expect to identify through additional discovery.

For example, Defendants argue that they must "depose Plaintiff regarding [her] alleged overtime hours . . . to ascertain how she calculated the hours, whether such hours were

8

required/approved by GSD, and whether overtime work was considered a 'normal our usual' part of her workweek." *Id.* at 7. Defendants do not identify the probable facts they expect to find upon deposing Plaintiff. Nor do they claim, e.g., that discovery would show that Plaintiff miscalculated her overtime hours or that GSD in fact never approved her overtime work. Though Defendants repeatedly state that they wish to depose Plaintiff to discuss her calculation of her overtime hours—among other factual issues—Rule 56(d) requires "more than 'a mere desire to cross-examine'" a party. *Rodriguez v. City of Springfield*, 127 F.R.D. 426, 429 (D. Mass. 1989) (quoting *Krohn v. United States*, 742 F.2d 24, 31 (1st Cir. 1984)).

Additionally, Defendants argue that they must "be able to depose Plaintiff" on whether she was prejudiced by Defendant's alleged technical violations of the FMLA. [Doc. 157] at 7. Again, however, they make only one argument in support of Rule 56(d) relief: that, absent deposing Plaintiff about her alleged prejudice, they cannot "fully respond to the notice arguments made in Plaintiff's Motion." *Id.* Without stating what facts they expect further discovery to unveil, the conclusory statement that they cannot adequately respond does not justify Rule 56(d) relief.

Moreover, Defendants claim that they "must be able to depose Plaintiff regarding her job duties and responsibilities, discipline, workplace performance, FMLA form submittals, and overtime work, among other things, in order to fully address Plaintiff's assertion that a causal connection exists between" their actions and Plaintiff's exercise of her FMLA rights. *Id.* They "may also need to" depose eight persons Plaintiff identified in her initial disclosures that have information about GSD's employment policies and practices. *Id.* at 8. But simply stating that Defendants need additional discovery in order to "fully address" the Motion does not meet a Rule 56(d) movant's burden to identify probable facts currently unavailable. *See Gutierrez v.*

9

*Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) ("[I]t is insufficient for the party opposing the motion [for summary judgment] to merely assert that additional discovery is required to demonstrate a factual dispute or that evidence supporting a party's allegation is in the opposing party's hands." (quoting *Lewis*, 903 F.2d at 758)); *Trans-Western Petroleum, Inc. v. U.S. Gypsum Co.*, 830 F.3d 1171, 1175 (10th Cir. 2016) ("[A] party's mere hope that discovery may yield further evidence is insufficient to defeat a summary judgment motion.").

Nor is it apparent that some of the facts Defendants wish to find are truly *unavailable* to them. In Plaintiff's first theory of liability, she claims that Dawson failed to properly calculate her FMLA entitlement when Dawson excluded 21 hours of FMLA leave based on her regular overtime work. [Doc. 149] at 13–15. In support of this contention, she attaches an apparently homemade spreadsheet listing the number of hours she worked per week from August 31, 2013, through August 29, 2014. *See* [Doc. 149-2] at 3–4. Defendants argue that, to respond, they must depose Plaintiff to discuss how she calculated these hours and whether the hours were a normal part of her work week. [Doc. 157] at 6–7.

Defendants—who include GSD itself and some of its employees—possess all timesheets and records of Plaintiff's work. *See* [Doc. 149] at 19 (stating that Defendants sent Plaintiff's timesheets to her). Presumably, they have a job description that defines Plaintiff's normal work. They need not know the intricacies of Plaintiff's calculations or what she considers her normal work week to contest this theory of liability. *Cf. Price*, 232 F.3d at 784 (stating that the summary-judgment "movant's exclusive control of desired information is a factor favoring [Rule 56(d)] relief"). Defendants have not shown that these facts are unavailable to them.

As with Plaintiff's overtime records, Defendants need no additional discovery on causation because whether they caused an interference with Plaintiff's FMLA leave depends on information already in Defendant's possession. Each of Plaintiff's interference claims, as noted above, requires a finding that Defendants actions "[were] related to" Plaintiff's attempt to exercise her FMLA rights. *Dalpiaz*, 760 F.3d at 1132. Defendants believe that they must depose Plaintiff concerning "her job duties and responsibilities, discipline, workplace performance, FMLA form submittals, and over time work, among other things, in order to fully address Plaintiff's assertion that a causal connection exists." [Doc. 157] at 7–8. Yet, Defendants fail to show that this evidence is unavailable to them. Only Defendants know why they allegedly interfered with Plaintiff's FMLA rights. They need not know *Plaintiff's* views on her job duties, discipline, and job performance in order to know what actions *Defendants* took and why. Defendants have in their possession descriptions of Plaintiff's job duties, a disciplinary and/or workplace performance record, and the FMLA forms that Plaintiff submitted. Defendants have not met their burden to show that they cannot respond to the Motion without deposing Plaintiff about causation.[7]

**B.**   **Defendants have met their Rule 56(d) burden with respect to Plaintiff's eligibility for FMLA leave because production of Dr. Goss' medical records has been delayed through no fault of Defendants.**

In only one area is the Court convinced that Defendants have met their burden under Rule 56(d), and that is the issue of whether Plaintiff qualified for FMLA leave in the first place.

---

[7] Defendants also argue that they must depose Plaintiff to know whether she continues to assert an FMLA-retaliation claim and whether her FMLA-interference claim differs from it. [Doc. 157] at 8–9. Plaintiff advances two FMLA claims in Count IV: an interference claim and a retaliation claim. [Doc. 94] at 34–36. The two claims are distinct, each containing different elements and burdens of proof. *See Dalpiaz*, 760 F.3d at 1131. Plaintiff limits her Motion for Partial Summary Judgment to her FMLA-interference claim. [Doc. 149] at 1. Defendants need not depose Plaintiff to determine how her interference claim differs from her retaliation claim because the instant Motion only analyzes her interference claim. Rule 56(d) applies only to "facts essential to justify [the non-movant's] opposition." Fed. R. Civ. P. 56(d). Whether Plaintiff intends to pursue a retaliation claim is not a fact necessary to oppose this Motion.

Defendants claim they need to depose Plaintiff and Dr. Goss, and also obtain Plaintiff's complete medical records, in order to respond to "Plaintiff's allegation that she was entitled to or improperly denied particular FMLA leave requests." [Doc. 157] at 6. The Court is not convinced that Defendants have satisfied the requirements of Rule 56(d) with respect to Plaintiff's "complete medical records," *id.* at 5, but after hearing oral argument, the Court believes Defendants have met their burden with respect to Dr. Goss' records. There has been some delay in obtaining these records, which does not appear to have been caused by Defendants. Whether intentionally or not, Plaintiff has been at least partially responsible for the delay because (as she conceded at oral argument) she did not sign her medical-records authorization in a timely fashion. The delay in obtaining Dr. Goss' records has, in turn, delayed the scheduling of Plaintiff's and Dr. Goss' depositions. Therefore, the Court finds that Defendants are entitled under Rule 56(d) to additional time to obtain Dr. Goss' records and to depose Plaintiff and Dr. Goss before responding to the instant Motion.

The medical records have been subpoenaed and Plaintiff's deposition is scheduled for May 13, 2019. *See id.* at 4–5; [Doc. 164] at 1. Under ordinary circumstances, the Court would grant Defendants until June 14, 2019, to depose Dr. Goss and file their response. However, there is a complicating factor: All discovery will be stayed between May 20 and August 5, 2019, to allow Plaintiff to study for the bar exam. [Doc. 154] at 2. Defendants will have received the medical records and taken Plaintiff's deposition before the stay takes effect. But it would be unrealistic to expect Defendants to schedule Dr. Goss' deposition before May 20, 2019. Therefore, the Court will grant Defendants' request in part and order them to file their response no later than August 30, 2019. This extension should give Defendants more than adequate time to

take Dr. Goss' deposition, assuming they still wish to do so after reviewing his records and deposing Plaintiff.[8] Plaintiff's reply, if any, must be filed within 14 days of filing of the response.

## CONCLUSION

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants' Rule 56(d) request for additional time to conduct discovery [Doc. 157] is **GRANTED IN PART** and **DENIED IN PART**. Defendants must file a response to Plaintiff's Motion for Partial Summary Judgment no later than **August 30, 2019**. Plaintiff may file a reply no later than 14 days after the response is filed. The parties are to bear their own costs and attorneys fees.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR
United States Magistrate Judge
Presiding by Consent**

---

[8] So that it is clear, the Court is not placing any limit on whom the parties may depose between now and August 30, 2019. If the parties wish to depose anyone other than Dr. Goss they are free to do so, subject, of course, to the stay.