# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**HEATHER BURKE,**

     **Plaintiff,**

**v.**                                                     **No. 16-cv-0470 SMV/JFR**

**STATE OF NEW MEXICO GENERAL SERVICES
DEPARTMENT, EDWYNN BURCKLE, JAY HONE,
ANGELA DAWSON, BRENDA GUETHS, and
KAREN BALTZLEY,**

     **Defendants.[1]**

## ORDER GRANTING DEFENDANT DAWSON'S MOTION FOR LEAVE TO FILE SURREPLY TO PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT IV: FMLA INTERFERENCE

THIS MATTER is before the Court on Defendant Angela Dawson's Motion for Leave to File Surreply to Plaintiff's Reply in Support of Her Motion for Partial Summary Judgment on Count IV: FMLA Interference ("Motion for Leave to File Surreply") [Doc. 220], filed on September 17, 2019. Plaintiff responded on September 17, 2019. [Doc. 221]. Dawson replied on September 19, 2019. [Doc. 223]. The Court has considered the briefing, the relevant portions of the record, and the relevant law. Being otherwise fully advised in the premises, Dawson's Motion for Leave to File Surreply is GRANTED.

The filing of a surreply requires leave of the court. D.N.M.LR.-Civ. 7.4(b). "When a moving party advances in a reply new reasons and evidence in support of its motion for summary judgment, the nonmoving party should be granted an opportunity to respond." *Beaird v. Seagate*

---

[1] The State of New Mexico is no longer a party in this action. *See* [Docs. 50, 53]. All other Defendants were named in Plaintiff's Amended Complaints [Docs. 53, 54] following remand from the Tenth Circuit.

*Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998). The Court finds that, in the specific circumstances of this case, a surreply is warranted. Plaintiff's Reply raises numerous new arguments and exhibits in support of her Motion for Partial Summary Judgment. For example, Plaintiff makes new arguments and presents new exhibits regarding the individual liability of Dawson under the economic-reality test, alleged discovery violations, the calculation of her overtime hours, how Dawson's actions allegedly prejudiced her, and other matters. The Court finds that, with one exception, Dawson may file a surreply to address each argument or exhibit that she contends is new. *See* [Doc. 220] at 2–3.

In her surreply, Dawson may not discuss Plaintiff's argument that Dawson violated the FMLA by revoking Plaintiff's leave. Dawson contends that Plaintiff first mentioned this argument in her Reply, [Doc. 218] at 10, but this exact argument appears in Plaintiff's Motion, *see* [Doc. 149] at 8, 25. Therefore, it is not a "new" argument, and Dawson may not discuss it in her surreply.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Dawson's Motion for Leave to File Surreply [Doc. 220] is **GRANTED**. Dawson may reply to any of the new arguments or new exhibits listed in her Motion, *see* [Doc. 220] at 2–3, except Plaintiff's argument that Dawson violated the FMLA by revoking Plaintiff's leave.

**IT IS FURTHER ORDERED** that Dawson may file a surreply to Plaintiff's Motion for Partial Summary Judgment no later than **September 25, 2019, at 12:00 p.m.**

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

2