# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**HEATHER BURKE,**

>      **Plaintiff,**

**v.**                                                        **No. 16-cv-0470 SMV/JFR**

**STATE OF NEW MEXICO GENERAL SERVICES
DEPARTMENT, EDWYNN BURCKLE, JAY HONE,
ANGELA DAWSON, BRENDA GUETHS, and
KAREN BALTZLEY,**

>      **Defendants.[1]**

## ORDER DENYING DEFENDANTS' MOTION TO SEAL WITHOUT PREJUDICE

THIS MATTER is before the Court on Defendants' Motion Requesting that Documents Subject to Confidentiality Order Attached as Exhibits to Defendant Angela Dawson's Declaration Be Filed Under Seal [Doc. 331], filed on February 27, 2020.  Defendants filed a separate document containing the exhibits already sealed.  *See* [Doc. 332] (restricted to "CASE PARTICIPANTS ONLY").  For the following reasons, the Court DENIES the Motion without prejudice.

Defendants failed to properly request permission to file exhibits under seal under Paragraph 13(c) of the Confidentiality Order.  *See* [Doc. 152].  Paragraph 13(c) provides:

> In the event a party seeks to file any document containing Confidential information . . . with the Court, that party must take appropriate action . . . including:
>> (c) . . . The submitting party may file a document designated as Confidential under this Order as a separate sealed exhibit before a sealing order is obtained.  However, contemporaneously with that filing, the party

---

[1] The State of New Mexico is no longer a party in this action.  *See* [Docs. 50, 53].  All other Defendants were named in Plaintiff's Amended Complaints [Docs. 53, 54] following remand from the Tenth Circuit.

must file a motion for leave to file the document under seal, *identifying the party that has designated the material as Confidential* ("the designating party"). If the party filing the document containing Confidential information is the designating party, the motion for leave to file under seal *should include a declaration* identifying the Confidential information contained in the document and explaining why the document is sealable. If the party filing the document is not the designating party, the *designating party must file a declaration* identifying the Confidential information contained in the document and stating whether the designated material is sealable, and if so why, within fourteen (14) days of the filing of the motion under seal. If the designating party does not file a responsive declaration within the fourteen-day time period, the submitting party may file the document in the public record no earlier than four days, and not later than ten days, after the motion is denied.

*Id.* at 6–7 (emphases added). Defendants failed to identify the designating party in their Motion. *See* [Docs. 331, 332]. If Defendants are the designating parties, then they failed to follow the procedure in Paragraph 13(c) because they failed to include a declaration explaining why the Confidential information is sealable. *See id.* Their failure to identify the designating party prevents the Court from determining whether Plaintiff must file a responsive declaration stating whether the material at issue is sealable. Additionally, Defendants failed to follow the procedure in Paragraph 13(c) because though they request that the Court seal Exhibits 29 and 30, they failed to include those exhibits in [Doc. 332]. *See* [Doc. 332].

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants' Motion to Seal [Doc. 331] is **DENIED without prejudice**. Defendants must file, no later than **March 5, 2020,** an amended motion to seal that (1) identifies the designating party or parties, and, if Defendants are the designating parties for some or all of the exhibits that they request sealed, (2) includes a declaration identifying the Confidential information for which they are the designating party and explaining why it is sealable. If Defendants are not the designating parties

for some or all of the exhibits that they request sealed, Plaintiff must file, no later than **March 11, 2020,**[2] a declaration identifying the Confidential information in Defendants' motion for which she is the designating party and stating whether such information is sealable.

**IT IS FURTHER ORDERED** that Defendants must include Exhibits 29 and 30 in a separate sealed document filed contemporaneously with the amended motion to seal.

Failure to file an amended motion to seal that complies with the Confidentiality Order may result in the Court's unsealing or striking the exhibits in [Doc. 332] and/or the imposition of sanctions against Defendants under the Court's inherent authority.

Nothing in this order extends Plaintiff's deadline to respond to Defendants' Motion for Summary Judgment [Doc. 329].  The Court encourages the parties to confer before Defendants file their new motion to resolve the issue of whether Defendants may file the exhibits at issue under seal.

      **IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

---

[2] Though the Confidentiality Order provides that Plaintiff may file her responsive declaration within 14 days of the motion to seal, *see* [Doc. 152] at 7, the Court will order her to file her responsive declaration, if any, no later than March 11 in order to expedite resolution of the pending Motion for Summary Judgment, *see id.* at 8 (permitting the Court to sua sponte modify the Confidentiality Order).